**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Fajardo,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael B. Mukasey, Attorney General of the United States, et al.,<br><br>　　　　Defendants. | No. CV-07-1755-PHX-FJM<br><br>**ORDER** |

In this action, plaintiff asks us to grant his pending application for naturalization. The court has before it defendants' motion to dismiss for lack of jurisdiction or to remand to United States Citizenship and Immigration Services ("USCIS") (doc. 13) and plaintiff's response (doc. 14).

**I**

Plaintiff Jorge Fajardo has been a lawful permanent resident alien since 1963. On November 3, 2005, he applied to USCIS to become a naturalized United States citizen. As prerequisites for naturalization, applicants must undergo a background check and appear for an in-person examination. Federal regulations direct that the examination take place only after the "full criminal background check has been completed." 8 C.F.R. § 335.2. But in plaintiff's case, as in others, USCIS conducted the examination early. Motion at 5 & n.4;

see also Ghazal v. Gonzales, No. 06-CV-2732, 2007 WL 1971944, at *2 (S.D. Cal. June 14, 2007) (noting that the practice is widespread). Plaintiff appeared for examination on April 16, 2006, and learned that he satisfied the language, education, and residency requirements for naturalization. Response at 1–2. However, because the background check was not complete, plaintiff's application stalled pending the results.

Due to increased security concerns in recent years, the background check required for naturalization has become extensive. In fact, it comprises at least three separate checks, including a "name check" conducted by the Federal Bureau of Investigations ("FBI"), which can take a long time. Motion, Ex. 2 ¶ 7. Each year, the FBI receives millions of name check requests, and they are generally processed in the order they are received. Id., Ex. 1 at 8. FBI databases are searched for any appearances of an individual's name or other personal information, and matches result in further levels of review, sometimes leading to manual searches of paper records. Plaintiff's name check was initiated November 18, 2005, and was not completed until January 22, 2008. Id., Ex. 2 ¶ 14.

Plaintiff inquired about the status of his application for naturalization many times. In August 2007, he requested from USCIS copies of all records relevant to the application under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. USCIS acknowledged receipt of the request but has yet to produce any documents. According to the agency, it may not be able to comply until April 2009 due to the number of FOIA requests ahead of plaintiff's. Motion, Ex. 3 ¶ 15.

On November 13, 2007, plaintiff filed this action against USCIS, the Department of Homeland Security, the FBI, the Department of Justice, and various officers (collectively "defendants"). Plaintiff alleges that defendants have impermissibly delayed processing his application for naturalization and have violated FOIA by failing to comply with his request for records. He asks us to review de novo and grant his application for naturalization and to order compliance with his FOIA request. Defendants have moved to dismiss for lack of jurisdiction or, in the alternative, to remand the naturalization matter to USCIS.

## II

Congress has vested the Attorney General with the "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). Thus, there is a limited judicial role in naturalization matters. Plaintiff contends that we have jurisdiction under section 336(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1447(b). Alternatively, he contends that we have jurisdiction under the federal question statute, 28 U.S.C. § 1331, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedures Act, 5 U.S.C. § 701. We conclude that we have jurisdiction under the INA and therefore need not reach the alternatives.

The relevant INA section provides,

> If there is a failure to make a determination under section 1446 of this title [dealing with investigation and examination of applicants] before the end of the 120-day period after *the date on which the examination is conducted* under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b) (emphasis added). Though the section clearly provides for district court jurisdiction in certain instances of delay by USCIS, there is a question when the 120-day period begins to run. Plaintiff contends that it began when he appeared for his in-person examination on April 16, 2006, and therefore expired in August 2006, well before this action was filed. Defendants, however, contend that "the date on which the which the examination is conducted" refers to the completion of the *entire examination process*, including all required background checks. Because plaintiff filed this action while his FBI name check was still outstanding, they contend that there is no jurisdiction under section 1447(b).

The government has tirelessly made this jurisdictional argument in district courts across the country, with few notable successes. See, e.g., Danilov v. Aguirre, 370 F. Supp. 2d 441 (E.D. Va. 2005). However, for reasons so well published that they need not be repeated, the overwhelming majority of courts have rejected the government's argument. See, e.g., Manzoor v. Chertoff, 472 F. Supp. 2d 801, 804–08 (E.D. Va. 2007) (providing

detailed analysis of the statute, regulations, and legislative history); <u>Alhamedi v. Gonzales</u>, No. 07-Civ-2541, 2007 WL 1573935, at *3 & n.3 (S.D.N.Y. May 30, 2007) (collecting cases). Furthermore, the United States Court of Appeals for the Ninth Circuit has endorsed plaintiff's contention that the district court gains jurisdiction under 8 U.S.C. § 1447(b) if the government has not acted on an application for naturalization within 120 days of the "initial interview of the applicant." <u>United States v. Hovsepian</u>, 359 F.3d 1144, 1161 (9th Cir. 2004). Accordingly, defendants' motion to dismiss for lack of jurisdiction is denied.

Under 8 U.S.C. § 1447(b), we must adjudicate plaintiff's naturalization application or remand it to USCIS. <u>See</u> <u>id.</u> at 1160–61 (holding that the district court gains *exclusive* jurisdiction over a naturalization matter when an applicant makes a timely request under section 1447(b)). Generally, a court should "remand a case to an agency for decision of a matter that statutes place primarily in agency hands." <u>I.N.S. v. Orlando Ventura</u>, 537 U.S. 12, 16, 123 S. Ct. 353, 355 (2002); <u>see also</u> <u>I.N.S. v. Aguirre-Aguirre</u>, 526 U.S. 415, 425, 119 S. Ct. 1439, 1445 (1999) ("[J]udicial deference to the Executive Branch is especially appropriate in the immigration context."). More importantly, we are unable to adjudicate plaintiff's application for the same reason that USCIS has been unable to do so—the incomplete background check. <u>See</u> <u>Essa v. USCIS</u>, No. CIV-051449, 2005 WL 3440827, at *2 (D. Minn. Dec. 14, 2005). We decline to retain jurisdiction over plaintiff's application.

Congress has mandated that every applicant for naturalization undergo a thorough criminal background check. <u>See</u> Act of Nov. 26, 1997, Pub. L. No. 105-119, 111 Stat. 2440, 2448–49. Though plaintiff's FBI name check is now complete, USCIS states that further investigation, possibly including a follow-up interview, is required in light of information gathered concerning plaintiff. <u>Motion, Ex. 2</u> ¶ 14–15. Therefore, it would be inappropriate for us to adjudicate plaintiff's application at this time. We are in no position to oversee completion of the background investigation. <u>See</u> <u>Essa</u>, 2005 WL 3440827, at *2. Accordingly, we remand plaintiff's naturalization matter to USCIS.

Finally, plaintiff requests that we set a 30-day limit for USCIS to adjudicate his application. We recognize that remanding the matter without further instruction would render our exercise of jurisdiction under section 1447(b) essentially pointless. See Juwale v. USCIS, No. 06-CV-1837, 2007 WL 622227, at *2 (D. Colo. Feb. 23, 2007). At the same time, this action was filed because of delay in completing the background check, but we are not convinced that section 1447(b) is an appropriate tool for speeding that process. After all, our jurisdiction in this matter is owing only to USCIS's practice of interviewing naturalization applicants early, contrary to its own regulations. See 8 C.F.R. § 335.2; Hamim v. Chertoff, No. 06-CV-1568, 2007 WL 679643, at *2 & n.1 (E.D. Mo. March 1, 2007)

Because jurisdiction under section 1447(b) arises 120 days after the in-person interview, USCIS could avoid cases like this one simply by conducting the interview only once the background check was entirely complete, in accordance with 8 C.F.R. § 335.2.[1] If the interview were the last step in the examination process, section 1447(b) would have the limited purpose of granting district court jurisdiction in instances where USCIS stalled for 120 days on an application that was ripe for adjudication. Such a use of section 1447(b) would also make sense in other respects, because a district court with a fully developed record would actually be in a position to adjudicate an application if it chose to do so.

In any event, because plaintiff's FBI name check was completed while this case was pending, USCIS should now be very close to having a fully developed record on his application. Therefore, we think it is consistent with the statutory scheme that USCIS now adjudicate plaintiff's application for naturalization within 120 days of this order.[2]

---

[1] Indeed, according to defendants, USCIS "no longer schedules interviews until after all checks have been completed." Motion at 5 n.4.

[2] Given that we order USCIS to timely adjudicate plaintiff's application, it is unclear whether he still intends to pursue his claim under FOIA. If so, he must notify the court by July 21, 2008. Otherwise, we will assume that he has abandoned it.

- 5 -

## III

For the foregoing reasons, **IT IS HEREBY ORDERED DENYING** defendant's motion to dismiss (doc. 13). **IT IS FURTHER ORDERED REMANDING** plaintiff's application for naturalization to the United States Citizenship and Immigration Service for adjudication within 120 days of this order. Plaintiff has to and including July 21, 2008, in which to notify the court of his intention to pursue his FOIA claim. If no notification is timely filed, the clerk is directed to enter final judgment.

DATED this 7th day of July, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge